IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THERESA B. ROMAN, )
)
      Plaintiff, )
)
v. )
) Civil Action No. 3:18cv157–HEH
U.S. BANK NATIONAL ASSOCIATION, )
as TRUSTEE for GSAA HOME EQUITY )
TRUST 2006-12, ASSET-BACKED )
CERTIFICATES, SERIES 2006-12, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Theresa B. Roman's ("Plaintiff") Motion for Leave to File an Amended Complaint and Seeking Leave to File Late Opposition to Motion to Dismiss on the Pleadings; Alternatively, Motion for Leave to Dismiss Without Prejudice (ECF No. 7), filed on April 20, 2018. On May 7, 2018, this Court issued an Order (ECF No. 11) denying Plaintiff leave to file an amended complaint and granting Plaintiff's alternative motion to dismiss without prejudice. The Court's reasoning underlying that Order is articulated below.

### I.    BACKGROUND

On April 28, 2006, Plaintiff's mother Venice E. Briggs ("Briggs") entered into a loan agreement with Madison Funding Inc. that was eventually assigned to Defendant U.S. Bank National Association ("Defendant"). (Compl. ¶¶ 4, 6, ECF No. 1-3.) The loan was secured by a deed of trust —signed by both Briggs and Plaintiff—that became a lien on the property located at 5405 Wellington Ridge Road, Richmond, Virginia 23231 ("Property"). (*Id.* ¶ 4.)

In August 2006, Venice Briggs died, and Plaintiff became the sole owner of the Property and the personal representative of Briggs's estate. (*Id.* ¶¶ 9, 14.) In September 2006, Plaintiff "re-executed the deed of trust to correct a technical error in the description of the residence." (*Id.* ¶ 9.)

Paragraph 22 of the re-executed deed ("Deed") contains a provision that allows for an acceleration of the loan in the event of a default. (*Id.* at Ex. A.) This provision requires the Lender to send the Borrower notice prior to acceleration that provides the Borrower with information related to curing the default. (*Id.*) According to paragraph 15 of the Deed, "[n]otice to any one Borrower shall constitute notice to all Borrowers." (*Id.*) The Deed also includes a page titled "Exhibit A," which contains a handwritten message that states: "said Venice Briggs departed from this life on or around August 31, 2006." (*Id.*) However, Venice Briggs remains listed as a Borrower in the Deed. (*Id.*)

On July 12, 2017, Defendant sent a notice to the Property that was addressed to Venice Briggs and provided the information required by paragraph 22. (*Id.* ¶ 17.) Subsequently, a foreclosure of the Property was scheduled for January 18, 2018, which Plaintiff contends is "void, alternatively voidable." (*Id.* ¶ 29.)

## II.   STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that parties should "freely" be given leave to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Fourth Circuit has explained, "[a] motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be

futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing *HCMF Corp. v. Allen*, 238 F.3d 273, 276–77 (4th Cir. 2001)).

Amendment is futile when a proposed amended complaint fails to state a claim. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Whether a complaint fails to state a claim, and thus whether amendment would be futile, is analyzed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering a Rule 12(b)(6) motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION

Plaintiff's Complaint asserts two counts. Count One alleges that Defendant breached the Deed by addressing the notice to Briggs, even though Defendant was made aware of Briggs's death in 2006. Count Two alleges that Trustee Services, which was not included as a party to this action, owed Plaintiff a fiduciary duty not to foreclose on the Property. Plaintiff's proposed Amended Complaint (ECF No. 7-1) only asserts one count for breach of the Deed and adds Trustee Services as a nominal party. The claim for breach of the Deed in

both Plaintiff's Complaint and her proposed Amended Complaint rely on the same allegations.

In Virginia, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *William H. Gordon Assocs., Inc. v. Heritage Fellowship, United Church of Christ*, 784 S.E.2d 265, 274 (Va. 2016). "When the language of a deed is 'clear, unambiguous, and explicit,' a court interpreting it 'should look no further than the four corners of the instrument under review.'" *Utsch v. Utsch*, 581 S.E.2d 507, 509 (Va. 2003) (quoting *Pyramid Dev. v. D&J Assocs.*, 553 S.E.2d 725, 728 (Va. 2001)).

Plaintiff's proposed Amended Complaint is futile. Plaintiff does not contend that the substance of the notice provided by Defendant was deficient. Instead, her sole allegation is that addressing the notice to her deceased mother breached the Deed. The Deed required notice to be given to the Borrower and stated "[n]otice to any one Borrower shall constitute notice to all Borrowers." Plaintiff's mother remained listed as a Borrower on the Deed after Plaintiff re-executed it and was listed as a Borrower when Defendant sent the notice. Accordingly, addressing the notice to Briggs was not improper based upon the plain language of the Deed.

Additionally, Plaintiff does not allege in either her Complaint or her proposed Amended Complaint that she would have been able to cure the default had the notice been addressed to her. Notwithstanding dicta in *Squire v. Va. Hous. Dev. Auth.*, 758 S.E.2d 55

4

(Va. 2014),[1] Virginia law requires a plaintiff bringing a breach of contract action to plead damages. In this case, Plaintiff did not identify the damage she allegedly suffered due to the breach and thus did not state a claim upon which relief could be granted.

For these reasons, Plaintiff's Motion for Leave to File an Amended Complaint and Seeking Leave to File Late Opposition to Motion to Dismiss on the Pleadings was denied.

Alternatively, Plaintiff moved for leave to dismiss the action without prejudice. After due consideration, the Court determined that a dismissal without prejudice was an appropriate resolution to this matter and granted Plaintiff's alternative motion.

## IV. CONCLUSION

Based upon the foregoing reasons, Plaintiff's Motion for Leave to File an Amended Complaint and Seeking Leave to File Late Opposition to Motion to Dismiss on the Pleadings was denied, and Plaintiff's alternative Motion for Leave to Dismiss Without Prejudice was granted. Consequently, Defendant's Motion for Judgment on the Pleadings and to Dismiss Complaint pursuant to Rule 12(c) was denied as moot, and the case was dismissed without prejudice.

---

[1] The majority in *Squire* cites *Bayview Loan Servicing, LLC v. Simmons*, 654 S.E.2d 898 (Va. 2008), as a case where the Virginia Supreme Court "affirmed an award of damages against a lender in a post-foreclosure situation" in spite of the fact that "[t]he borrower did not allege what she would have done to prevent the foreclosure sale had she received notice." *Squire*, 758 S.E.2d at 61 n.2. Importantly though, *Bayview* did not examine the issue of pleading damages in an action for breach of a deed of trust. Instead, the sole assignment of error in *Bayview* involved interpreting Va. Code Ann. § 55-59.1(A) to determine whether a notice provided by the lender could be understood to have "effectively exercised the right of acceleration." *Bayview*, 654 S.E.2d at 900. Moreover, the issue of damages was not present in *Squire* as the plaintiff in that case "had money with which to reinstate the loan and offered to pay it." *Squire*, 758 S.E.2d at 68 (Mims, J., concurring).

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to all counsel of record.

/s/
Henry E. Hudson
United States District Judge

Date: May 18, 2018
Richmond, Virginia